MEMORANDUM***
Appellant creditor J.B. Bohannan, Jr., dba JBS Enterprises, LLC (“Bohannan”), appeals a final decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit (the “BAP”). That decision dismissed as moot Bohannan’s appeal of an order, entered by the United States Bankruptcy Court for the Southern District of California (the “BJ”), that construed against him certain provisions of a settlement agreement (the “Agreement”) between Bohannan and Larry A. Ford (the “Trustee”), the Chapter 11 trustee for debtor Twenty-First Century Resources, Inc. (“Twenty-First”). The issue in dispute was whether the Agreement conveyed *431 three particular oil wells as part of a property transfer from the Trustee to Bohannan. Because the BAP did not err in dismissing Bohannan’s appeal as moot, we affirm its decision.
Twenty-First was a Wyoming corporation that was engaged in, inter alia, gas and oil development in the state of Oklahoma. Bohannan performed services for gas and oil companies such as Twenty-First. On March 26, 1999, the Trustee initiating the underlying proceedings in this appeal, asking the Bankruptcy Court to avoid certain unperfected property interests and liens that Bohannan had filed against properties owned by Twenty-First, among them properties located in Nobel County, Oklahoma: the Ruby Burgess Wells Nos. 1, 2, and 3, and the Northwest Perry Layton Sand Unit.
In January 2000, Bohannan and the Trustee executed the Agreement, which was approved by order of the Bankruptcy Court on March 16, 2000. Under the Agreement, the Trustee was obligated to convey to Bohannan by quitclaim certain properties, including a property entitled the “Northwest Perry Layton Property.” The Trustee’s obligation to convey these properties arose after three conditions precedent: a final order of the Bankruptcy Court approving the Agreement, Bohannan’s release of all liens against properties owned by Twenty-First, and the assumption of operatorship responsibilities for certain of the properties by operators designated by Bohannan in accordance with Oklahoma law.
Bohannan refused to perform his obligations under the Agreement after a dispute arose between the parties as to whether the Agreement entitled him to the three Ruby Burgess Wells, which he maintained were part of the Northwest Perry Layton Property. On July 30, 2000, Bohannan filed his Answer and CounterClaim in the adversary proceeding, requesting enforcement of the Agreement as well as a ruling that the Agreement included by its terms the Ruby Burgess Wells. In September 2000, the Trustee filed an “Application to Enforce Court-Approved Settlement Agreement”; on May 22, 2001, following an evidentiary hearing, the BJ entered an order granting the Trustee’s motion. The order incorporated the BJ’s findings of fact and conclusions of law, in which the BJ concluded that the Ruby Burgess Wells were not included in the description of property that the Trustee was required to convey under the Agreement. The order also required that Bohannan perform his obligations under the Agreement within fifteen days, under threat of contempt sanctions. The BJ noted that the Trustee’s obligation to transfer the properties referenced in the Agreement would not arise until Bohannan had performed these obligations. Bohannan timely filed his appeal of this order to the BAP on June 1, 2001.
However, Bohannan did not move the Bankruptcy Court for a stay of the order at the time he filed his appeal. On June 22, the Trustee filed an ex parte request for an order to show cause, asking the BJ to hold Bohannan in contempt for failing to perform his obligations under the Agreement, to appoint an elisor to effectuate the Agreement on behalf of Bohannan, and to relieve the Trustee of his conditional obligations under the Agreement, including the quitclaim transfer of the entire Northwest Perry Layton Property. The BJ granted the Trustee’s motion in its entirety on June 25, 2001. On July 10, Bohannan filed a pleading requesting a stay of the original order on appeal to the BAP.
On July 12, 2001, the Bankruptcy Court issued two orders. The first order denied Bohannan’s request for a stay, finding, inter alia, that it was unsupported by evi *432 dence, facts, or law, and that Bohannan had not shown likelihood of success on the merits or that the balance of harms weighed in favor of a stay. The second order held Bohannan in contempt for failing to perform his obligations under the Agreement, appointed the Trustee as elisor for the Agreement, and relieved the Trustee of his conditional obligations under the Agreement, including the obligation to quitclaim the properties in dispute. Bohannan did not appeal either of these orders.
On September 4, 2002, the BAP rendered its decision with regard to Bohannan’s appeal of the May 22, 2001 order. Taking judicial notice of the July 12, 2001 order relieving the Trustee of his obligation under the Agreement to transfer the property in dispute, the BAP concluded that Bohannan’s appeal was moot. The BAP did not reach the merits of the issue with regard to the construction of the Agreement because it found that “Bohannan’s failure to perform resulted in a failure of the Settlement Agreement irrespective of whether the Ruby Burgess [Wells were] included within the Northwest Perry Layton Property description.” Bohannan timely filed his appeal of this decision on October 4, 2002.
This Court reviews decisions of the BAP de novo. In re Filtercorp, Inc., 163 F.3d 570, 576 (9th Cir.1998). Mootness is a jurisdictional issue which this Court also reviews de novo. In re Baker & Drake, Inc., 35 F.3d 1348, 1351 (9th Cir.1994). “Generally, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant.” Matter of Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir.1977).
The BJ’s July 12, 2001 order vacated that part of the Agreement requiring the Trustee to convey by quitclaim certain properties to Bohannan, including the property that Bohannan claims include the Ruby Burgess Wells. Bohannan did not appeal this order, nor did he file for a stay of this order pending the resolution of the instant appeal. Moreover, although he applied for a stay of the order at issue in this appeal (the May 22 order) he did not appeal the BJ’s order denying that application. Therefore, Bohannan was required under the May 22 order to perform his obligations under the Agreement. Because the Trustee’s obligation to transfer the property at issue in this appeal was expressly conditioned on Bohannan’s performance, the BJ’s July 12 order appropriately released the Trustee from this obligation as a sanction for Bohannan’s nonperformance.
Bohannan argues that his appeal of the May 22 order divested the Bankruptcy Court of jurisdiction over any matter relating to the Agreement. This contention is misplaced. A bankruptcy court possesses the power to summarily enforce settlement agreements, unless “material facts concerning the existence or terms of a settlement [are] in dispute.” In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir.1994). Here, the existence and validity of the Agreement was resolved by the BJ’s March 16, 2000 order, which approved it. Moreover, while Bohannan has consistently maintained that the unambiguous language of the Agreement entitles him to the Ruby Burgess Wells as a matter of law, the parties have stipulated as a matter of fact that the wells are not part of the Northwest Perry Layton Sand Unit. Because the dispute resolved by the May 22 order did not extend to the validity or completeness of the Agreement itself, therefore, the Bankruptcy Court retained jurisdiction to enforce other sections of the *433 Agreement collateral to the issue on appeal to this Court.
As the BAP correctly noted, therefore, Bohannan was required to perform his obligations under the Agreement irrespective of the manner in which this appeal was ultimately resolved. Because he failed to do so, and because the Trustee’s obligation to transfer the disputed properties was conditioned on Bohannan’s performance, Bohannan forfeited his right to the entire Northwest Perry Layton Property, whether or not it included the Ruby Burgess Wells as a matter of the legal construction of the Agreement. For these reasons, we agree with the BAP’s decision dismissing Bohannan’s appeal as moot.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.